# EXHIBIT A

Case 1:25-cv-02174-JRC   Document 1-1   Filed 04/18/25   Page 2 of 21 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____X

KAZI ALAM,                                                    Index No.:

               Plaintiff,                    **SUMMONS**

      -against-                                 The basis of this venue is:
                                  Plaintiff's address

CITIBANK N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

               Defendants.
_____X

        YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York,

County of Queens, at the office of the Clerk of said Court at 88-11 Sutphin Blvd., Queens, New York

11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint

with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of

$85,000.00 with interest from March 13, 2025, together with the costs of this action.


Dated: March 13, 2025                          Respectfully submitted,

                                     _____
                                   Subhan Tariq, Esq.
                                   Tariq Law PC
                                   **Attorney for Plaintiff**
                                   99 Park Avenue, Suite 1100
                                   New York, NY 10016
                                   Tel: (212) 804-9095
                                   Email: subhan@tariqlaw.com


Note the law provides that:

1

Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 3 of 21 PageID #: 6

a) If this summons is served by its delivery to you personally, you must appear and answer within
TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by
any alternative method permissible under the CPLR, you must appear and answer within
THIRTY days after such service.

Defendants' addresses:

Citibank N.A.
399 Park Ave Front. 1
New York, NY 10022

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

———————————————————————X

KAZI ALAM,                                                    Index No.:

       Plaintiff,

v.                                                           **VERIFIED COMPLAINT**

CITIBANK N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

       Defendants.

———————————————————————X

By and through the undersigned counsel, Plaintiff Kazi Alam ("Plaintiff"), with knowledge as to

his own acts and investigation of counsel as to the acts of others, believing that further investigation

and discovery will confirm that such allegations have substantial evidentiary support, alleges as

follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and New
   York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"),
   Plaintiff brings this action against Citibank N.A. ("Citibank"), Equifax Information
   Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans
   Union, LLC ("Trans Union"; together Equifax, Experian, and Trans Union are the "CRAs"
   or "CRA Defendants") to recover actual, statutory, and punitive damages, as well as costs
   and attorney's fees and injunctive relief.

1

Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 5 of 21 PageID #: 8

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. As set forth herein, each Defendant denied Plaintiff the protections provided by the FCRA and the NY FCRA concerning Citibank account number 410039061522 ("Citibank account").

6. On July 2024, Plaintiff sent dispute letters to Equifax, Experian, and Trans Union informing each CRA Defendant that it was reporting an inaccurate balance for the Citibank account. As a result, Equifax, Experian, and Trans Union sent Plaintiff investigation results unlawfully verifying that the inaccurate balance was accurately reporting.

7. On October 2024, Plaintiff sent a second round of dispute letters to Experian and Trans Union informing each CRA Defendant that it was reporting an inaccurate balance for the Citibank account. As a result, Experian and Trans Union once again sent Plaintiff investigation results unlawfully verifying that the inaccurate balance was accurately reporting.

8. Upon information and belief, after receiving notice of Plaintiff's disputes from Equifax, Experian, and Trans Union, and notwithstanding the fact that Citibank *knew* that the inaccurate balance it was reporting to CRA Defendants was inaccurate, Citibank repeatedly verified the inaccurate balance to both CRAs.

9. Despite Plaintiff's disputes, no CRA Defendant corrected the inaccurate balance it was reporting. Upon information and belief, both CRA Defendants continue to report the inaccurate balance for the Citibank account to this day.

10. Citibank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

  a. failing to conduct reasonable investigations of Plaintiff's disputes of the inaccurate balance for the Citibank account reporting on Plaintiff's credit reports with Equifax, Experian, and Trans Union, respectively;

  b. failing to review all relevant information provided to Citibank by each CRA Defendant concerning Plaintiff's disputes; and

  c. failing to promptly modify, delete, or permanently block any and all disputed information about the Citibank account on Plaintiff's credit file with each CRA Defendant that Citibank could not affirmatively verify as accurate.

3

11. Similarly, each CRA Defendant is liable to Plaintiff for violations of several provisions of § 1681i of the FCRA due to their respective acts and omissions, including, but not limited to, the following:

a. failing to (i) conduct reasonable investigations of the disputed Citibank account tradeline to determine whether the information Plaintiff disputed was accurate, and (ii) record the correct status of the Citibank account, in violation of § 1681i(a)(1);

b. failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes about the Citibank account, in violation of § 1681i(a)(4); and

c. failing to promptly update the disputed Citibank account tradeline on Plaintiff's credit file despite the fact that no CRA Defendant could have affirmatively verified the inaccurate balance as accurate upon a lawful reinvestigation of Plaintiff's disputes, in violation of § 1681i(a)(5).

12. As a direct and proximate result of each Defendant's negligent and willful actions, conduct, and omissions, Plaintiff suffered actual damages, cognizable pursuant to the FCRA. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.[1]

13. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

---

[1] Plaintiff may have also suffered direct credit harm due to Defendants' violations of the FCRA and NY FCRA. Plaintiff intends to inquire into the extent of direct credit harm he may have suffered through discovery from Defendants and third-parties.

4

Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 8 of 21 PageID #: 11

## **PARTIES**

14. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides at Jamaica, NY 11432.

15. Citibank is a company that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 399 Park Ave Front. 1, New York, NY 10022.

16. Citibank is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

17. Equifax, Experian, and Trans Union are consumer reporting agencies as defined by the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

## **FACTUAL ALLEGATIONS**

18. On or around July 2024, Plaintiff ran his Equifax, Experian, and Trans Union credit reports and noticed that Defendant Citibank was reporting an inaccurate balance, associated with Plaintiff's Citibank account, on Plaintiff's Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff noticed that Defendant Citibank was reporting an inaccurate balance of **$2,300** on Plaintiff's Citibank account.

19. However, Plaintiff does not owe Citibank the inaccurate balance, in the amount of approximately **$2,300**, because Plaintiff was the victim of identity theft. Although the Citibank account belongs to Plaintiff, an unknown individual(s) tampered with the Citibank account at a date unknown to Plaintiff. This unknown individual(s) made fraudulent transaction(s), of approximately **$2,300**, on the Citibank account. Upon information and belief, the alleged balance, in the amount of approximately **$2,300**, was incurred for various purchases made at Target.

5

Case 1:25-cv-02174-JRC Document 1-1 Filed 04/18/25 Page 9 of 21 PageID #: 12

20. Furthermore, Plaintiff completed and filed a notarized FTC Identity Theft Victim's Complaints and Affidavit. Plaintiff reported the Citibank account as an account that was fraudulently tampered with. Plaintiff also expressed his willingness to work with law enforcement in any investigation regarding his identity theft.

21. Following Plaintiff's disputes, all Defendants failed to perform FCRA-required reasonable investigations. As such, Defendant Citibank unlawfully verified the disputed inaccurate balance and each CRA Defendant, in turn, continued to report an incorrect, and therefore unverifiable, inaccurate balance on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that each CRA Defendant prepared and distributed to third-parties.

22. Citibank, Equifax, Experian, and Trans Union included the inaccurate balance, associated with the Citibank account, on consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the FCRA such that Plaintiff has Article III standing to bring claims under the FCRA.

23. According to Plaintiff's Experian credit report, dated November 21, 2024, there is an inquiry on Plaintiff's credit file with Experian. Specifically, there was a dissemination of inaccurate credit information, regarding the Citibank account reported on Plaintiff's Experian credit report, to JPMorgan Chase Bank, N.A. (on November 20, 2024).

*Equifax reported (and is likely still reporting) an inaccurate balance for Plaintiff's Citibank account*

24. Equifax has reported and likely continues to report, a tradeline for Plaintiff's Citibank account showing an inaccurate balance.

*Experian reported (and is likely still reporting) an inaccurate balance for Plaintiff's Citibank account*

25. Experian has reported and likely continues to report, a tradeline for Plaintiff's Citibank account showing an inaccurate balance.

*Trans Union reported (and is likely still reporting) an inaccurate balance for Plaintiff's Citibank account*

26. Trans Union has reported and likely continues to report, a tradeline for Plaintiff's Citibank account showing an inaccurate balance.

*Plaintiff's Disputes*

*Equifax Disputes and Dispute Results*

27. By letter dated July 30, 2024, Plaintiff wrote Defendant Equifax to dispute the inaccurate balance that Defendant Equifax was reporting concerning Plaintiff's Citibank account. Specifically, Plaintiff informed Equifax of the following: "I am contacting you about the compromising of my social security number . . . I have filled out Victim of Id Theft Booklet . . . The following items do not belong to me and is a result of fraud that I did not authorize . . . Identity Theft—SOMEONE TEMPERED MY CARD AND USED IT IN TARGET. OUT OF $2600 BALANCE FRAUD USED ALMOST $2300." Plaintiff also requested that Equifax remove the inaccurate information from Plaintiff's credit report. Plaintiff also

7

Case 1:25-cv-02174-JRC   Document 1-1   Filed 04/18/25   Page 11 of 21 PageID #: 14

attached Plaintiff's FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff's July 30, 2024 letter was sent via certified mail.

28. Plaintiff received dispute results from Equifax dated August 13, 2024. Equifax's dispute results stated that Equifax removed the inaccurate tradeline, for Plaintiff's Citibank account, from Plaintiff's Equifax credit report.

29. ***However***, Plaintiff reviewed her Equifax credit report, dated November 21, 2024, and noticed that Equifax reinserted the inaccurate Citibank account tradeline on Plaintiff's Equifax credit report and once again began report the inaccurate balance, associated with Plaintiff's Citibank account, on Plaintiff's Equifax credit report.

***Experian Disputes and Dispute Results***

30. By letter dated July 30, 2024, Plaintiff wrote Defendant Experian to dispute the inaccurate balance that Defendant Experian was reporting concerning Plaintiff's Citibank account. Specifically, Plaintiff informed Experian of the following: "I am contacting you about the compromising of my social security number . . . I have filled out Victim of Id Theft Booklet . . . The following items do not belong to me and is a result of fraud that I did not authorize . . . Identity Theft—SOMEONE TEMPERED MY CARD AND USED IT IN TARGET. OUT OF $2600 BALANCE FRAUD USED ALMOST $2300." Plaintiff also requested that Experian remove the inaccurate information from Plaintiff's credit report. Plaintiff also attached Plaintiff's FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff's July 30, 2024 letter was sent via certified mail.

31. Plaintiff received dispute results from Experian dated August 28, 2024. Experian's dispute results unlawfully verified that the inaccurate balance, associated with Plaintiff's Citibank account, was correctly reporting.

Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 12 of 21 PageID #: 15

32. By letter dated October 11, 2024, Plaintiff once again wrote Defendant Experian to dispute the inaccurate balance that Defendant Experian was reporting concerning Plaintiff's Citibank account. Specifically, Plaintiff once again informed Experian of the following: "I am contacting you about the compromising of my social security number . . . I have filled out Victim of Id Theft Booklet . . . The following items do not belong to me and is a result of fraud that I did not authorize . . . Identity Theft—SOMEONE TEMPERED MY CARD AND USED IT IN TARGET. OUT OF $2600 BALANCE FRAUD USED ALMOST $2300." Plaintiff once again also requested that Experian remove the inaccurate information from Plaintiff's credit report. Plaintiff once again also attached Plaintiff's FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff's October 11, 2024 letter was sent via certified mail.

33. Plaintiff did not receive dispute results from Experian. However, Experian continued to report the inaccurate balance, associated with Plaintiff's Citibank account, on Plaintiff's Experian credit report – according to Plaintiff's Experian credit report, dated November 21, 2024.

***Trans Union Disputes and Dispute Results***

34. By letter dated July 30, 2024, Plaintiff wrote Defendant Trans Union to dispute the inaccurate balance that Defendant Trans Union was reporting concerning Plaintiff's Citibank account. Specifically, Plaintiff informed Trans Union of the following: "I am contacting you about the compromising of my social security number . . . I have filled out Victim of Id Theft Booklet . . . The following items do not belong to me and is a result of fraud that I did not authorize . . . Identity Theft—SOMEONE TEMPERED MY CARD AND USED IT IN TARGET. OUT OF $2600 BALANCE FRAUD USED ALMOST

9

Case 1:25-cv-02174-JRC     Document 1-1     Filed 04/18/25     Page 13 of 21 PageID #: 16

$2300." Plaintiff also requested that Trans Union remove the inaccurate information from Plaintiff's credit report. Plaintiff also attached Plaintiff's FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff's July 30, 2024 letter was sent via certified mail.

35. Plaintiff did not receive dispute results from Trans Union. However, Trans Union continued to report the inaccurate balance, associated with Plaintiff's Citibank account, on Plaintiff's Trans Union credit report.

36. By letter dated October 11, 2024, Plaintiff once again wrote Defendant Trans Union to dispute the inaccurate balance that Defendant Trans Union was reporting concerning Plaintiff's Citibank account. Specifically, Plaintiff once again informed Trans Union of the following: "I am contacting you about the compromising of my social security number . . . I have filled out Victim of Id Theft Booklet . . . The following items do not belong to me and is a result of fraud that I did not authorize . . . Identity Theft—SOMEONE TEMPERED MY CARD AND USED IT IN TARGET. OUT OF $2600 BALANCE FRAUD USED ALMOST $2300." Plaintiff once again also requested that Trans Union remove the inaccurate information from Plaintiff's credit report. Plaintiff once again also attached Plaintiff's FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff's October 11, 2024 letter was sent via certified mail.

37. Plaintiff once again did not receive dispute results from Trans Union. However, Trans Union once again continued to report the inaccurate balance, associated with Plaintiff's Citibank account, on Plaintiff's Trans Union credit report – according to Plaintiff's Trans Union credit report, dated November 21, 2024.

*Damages*

38. Because of Defendants' misconduct, Plaintiff suffered actual damages cognizable pursuant to the FCRA and NY FCRA.

39. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.

40. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused him credit harm in the form of credit denials and/or other adverse actions with respect to existing credit.

41. In addition, the inaccurate Citibank tradeline reported by Equifax, Experian, and Trans Union, respectively, has cost, and continues to cost, Plaintiff time and effort and expense in pursuit of corrected credit reports.

42. Citibank's, Equifax's, Experian's, and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA and NY FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including stress, anxiety, headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for credit, depression, and instances of crying.

   b. Plaintiff was defamed by Citibank, Equifax, Experian, and Trans Union, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

11

## FIRST CAUSE OF ACTION

### Violations of FCRA § 1681s-2(b) Against
### Defendant Citibank
### (Furnisher of Information)

43. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

44. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

45. Citibank violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Equifax, Experian, and Trans Union;

    b. failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

    c. failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

46. Had Citibank performed reasonable investigations required by the FCRA, it could not have verified that the disputed balance reported by Equifax, Experian, and Trans Union was accurate. Nevertheless, Citibank did verify to each CRA Defendant that the disputed

Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 16 of 21 PageID #: 19

balance that those Defendants were reporting was accurate. In so doing, Citibank violated § 1681s-2(b).

47. Because of Citibank's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

48. Citibank's violations of § 1681s-2(b) were willful, rendering Citibank liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

49. In the alternative, Citibank's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from Citibank pursuant to § 1681o.

## SECOND CAUSE OF ACTION

### Violations of FCRA § 1681i
### Against Defendants Equifax, Experian, and Trans Union
### (Consumer Reporting Agencies)

50. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

51. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

52. Each CRA Defendant violated multiple sections of 15 U.S.C. § 1681i by their respective acts and omissions, including, but not limited to, the following:

    a.  failing to conduct a reasonable reinvestigation of Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit file in violation of § 1681i(a)(1);

    b.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

    c.  failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

53. Had CRA Defendants reasonably investigated Plaintiff's disputes, these Defendants could not have verified that they were reporting an accurate balance for Plaintiff's Citibank account. Nevertheless, following Plaintiff's disputes, Equifax, Experian, and Trans Union each verified and continued to report the inaccurate balance for Plaintiff's Citibank account. In so doing, CRA Defendants each violated § 1681i (and a corresponding provision of the NY FCRA).

54. Because of CRA Defendants' respective FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

55. Violations of § 1681i by Equifax, Experian, and Trans Union were willful, rendering each CRA Defendant liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

56. In the alternative, CRA Defendants' respective violations of § 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from

each CRA Defendant pursuant to § 1681o.

### THIRD CAUSE OF ACTION

**Violations of NY FCRA § 380-f and § 380-j**
**Against Defendants Equifax, Experian, and Trans Union**
**(Consumer Reporting Agencies)**

57. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

58. Equifax, Experian, and Trans Union violated multiple sections of the NY FCRA (NY GBL §§ 380-380-u) by their respective acts and omissions.

59. Each CRA Defendant violated the NY FCRA by:

    a.  failing to promptly and properly reinvestigate Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status of the disputed information in violation of § 380-f(a);

    b.  failing to maintain reasonable procedures to assure maximum possible accuracy of information maintained in Plaintiff's credit file, in violation of § 380-j(a); and

    c.  failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports that Equifax, Experian, and Trans Union distributed to third parties, in violation of § 380-j(e).

60. These violations of § 380-f and § 380-j were willful, making each CRA Defendant liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining Equifax and Experian from any further violations of Plaintiff's rights pursuant to the NY FCRA.

61. In the alternative, each CRA Defendant's violations of §§ 380-f and 380-j were negligent,

15

FILED: QUEENS COUNTY CLERK 03/13/2025 10:30 PM INDEX NO. 707341/2025

NYSCEF DOC. NO. 2    Case 1:25-cv-02174-JRC    Document 1-1    Filed 04/18/25    Page 19 of 21 PageID #: 22    RECEIVED NYSCEF: 03/13/2025

entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

62. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

2. Ordering the CRA Defendants to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning Plaintiff's Citibank account from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning Plaintiff's Citibank account to any and all persons and entities to whom CRA Defendants report consumer credit information; and

   b. send updated and corrected consumer reports to all persons and entities to whom CRA Defendants have reported inaccurate information about Plaintiff's Citibank account;

   c. grant Plaintiff tradeline deletion of the **Citibank account**.

3. Enjoining CRA Defendants from violating Plaintiff's NY FCRA rights;

Case 1:25-cv-02174-JRC     Document 1-1     Filed 04/18/25     Page 20 of 21 PageID #: 23

4. Such other and further relief as may be necessary, just, and proper.

Dated: March 13, 2025

Respectfully submitted,

_____

Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

17

## VERIFICATION

Kazi S Alam, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Kazi S Alam, Plaintiff

Sworn to before me this _20 Th_
day of _November_ 2024

_____
Notary Public

Mohammed Pier
Notary Public, State of New York
No. 01P16018170
Qualified in Queens County
Commission Expires January 04, 20, 27

1